UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHARLES H. MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:05-CV-269 |
| ) | |
| CHARLES E. SAMUELS, JR., Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Charles H. Martin ("Martin"), who is presently confined in the FCI Manchester, Kentucky, brings this *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking to be granted federal sentencing credit for time served in a Tennessee state facility.

On November 20, 2000, in Criminal Case No. 3:98-cr-47, Martin was sentenced to four, concurrent sixteen-month prison terms, pursuant to his convictions on four counts of tax fraud. That same date, in Criminal Case No. 3:99-cr-73, Martin received another sixteen-month term for his conviction of being a felon in possession of a firearm. The latter prison sentence was set to run concurrent with the sentence imposed in 3:98-cr-47.

Following his sentencing, since he was in federal custody pursuant to a writ of habeas corpus ad prosequendum, he was returned to Tennessee authorities. Thereafter, Martin received a six-year term of imprisonment in state court for an aggravated assault conviction and began serving

his state sentence. On July 21, 2004, he was released to federal custody to commence the service of his federal sentence with the United States Bureau of Prisons ("BOP").

Because the BOP has discretionary authority, under 18 U.S.C. § 3621(b), to designate a federal prisoner's place of incarceration, Martin requested credit on his federal sentences for the time served in the Tennessee facility—a request which the BOP treated as a request for a *nunc pro tunc* designation of the Tennessee facility as the place of his federal confinement.

As part of its discretionary analysis, the BOP asked the sentencing court whether it objected to Martin's request for credit. The BOP advised the court that, if it objected to or did not take a position regarding the *nunc pro tunc* designation, Martin would continue serving his sentence to a current projected release date of June 10, 2006. If the court had no objection, Martin's sentence would be recalculated, with the result being that Martin would be released because he would have satisfied the terms of his three federal sentences.[1] The court took no position regarding the retroactive designation by the BOP, and the BOP declined to make a *nunc pro tunc* designation and to grant credit on Martin's federal sentence. (Pet., Exh. 2, Letter from BOP of May 5, 2005). Martin would have the Court direct the BOP to make the retroactive designation and vacate his sentence immediately.[2] (Pet. at ¶ 5).

---

[1] On October 19, 2001, Martin received a 24-month sentence in Criminal Case No. 3:01-cr-136 for his conviction for credit card fraud. Twelve months of the sentence was set to be served consecutively to sentences in 3:98-cr-47 and 3:99-cr-73 and twelve months to be served concurrently to sentences in 3:98-cr-47 and 3:99-cr-43. In his § 2241 petition, Martin does not challenge his credit card conviction or sentence, though if he were to obtain the relief he seeks, the 24-month sentence would necessarily be affected (i.e., it would commence at an earlier date).

[2] Martin's request to vacate his sentence is more a matter of inartful drafting of his habeas petition than a true request for § 2255 relief.

2

As Martin obviously recognizes (since he filed this instant petition), to contest the BOP's determination, his exclusive remedy is to file a habeas corpus petition under 28 U.S.C. § 2241. *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990). However, such an action must be filed in the district court in the United States District where he is incarcerated. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). Martin, who is incarcerated in a federal institution in Kentucky, is not detained within this district and this Court lacks jurisdiction over his custodian. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir.2003) (stating that a § 2241 petition "must be filed in the district court that has jurisdiction over a prisoner's place of confinement").[3]

Accordingly, this action will be **DISMISSED** by separate order for want of jurisdiction.

**ENTER**:

                                                                                      s/Thomas W. Phillips
                                                                                      **UNITED STATES DISTRICT JUDGE**

---

[3] A § 2241 petitioner challenging a BOP's discretionary determination first should exhaust his administrative remedies. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981). The last sentence in the BOP letter of May 5, 2005, seemingly, suggests that Martin's administrative remedies may not have been exhausted.